IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANOOSHIRVAN BIDGOLI, BARBARA HUNTER, AND ANNIE MIGDAL, on behalf of themselves and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>AMERICAN AIRLINES GROUP, INC., AMERICAN AIRLINES, INC., DELTA AIRLINES, INC., SOUTHWEST AIRLINES CO., UNITED CONTINENTAL HOLDINGS, INC., and UNITED AIRLINES, INC.<br><br>*Defendants*. | Civil Action No.: 15-cv-05903<br><br>Honorable Andrea R. Wood |

**UNOPPOSED MOTION FOR A FINDING OF RELATEDNESS AND REASSIGNMENT**

Pursuant to Local Rule 40.4, Movant Eileen Silver ("Movant") respectfully requests that this Court determine (i) that the action styled, *Eileen Silver v. American Airlines, et al.*, 15-cv-6099 (N.D. Ill.) ("*Silver*"), pending before the Hon. Milton I. Shadur, is related to the above-captioned action, *Anooshirvan Bidgoli et al., v. American Airlines, et al.*, 15-cv-05903 ("*Bidgoli*"), which has been assigned to this Court, and (ii) that the *Silver* case (the higher-numbered case) be reassigned to this Court. In support of its Unopposed Motion, Movant states the following:

1. On July 2, 2015, Plaintiffs Anooshirvan Bidgoli, Barbara Hunter and Annie Migdal, on behalf of themselves and all others similarly situated, commenced a class action against Defendants American Airlines Group, Inc., American Airlines Inc., Delta Airlines, Inc., Southwest Airlines Co., United Continental Holding, Inc. and United Airlines, Inc. (collectively, "Defendants"). A copy of the *Bidgoli* complaint is attached as Exhibit A.

2. On July 10, 2015, Movant, on behalf of herself and all others similarly situated, commenced a class action against the same Defendants. The Silver case was assigned to The Honorable Milton I. Shadur. A copy of the *Silver* complaint is attached as Exhibit B.

## LR 40.4(a) Is Satisfied

3. Both the *Bidgoli* and *Silver* cases satisfy the conditions of related as set forth in LR40.4 (a) (2) (same issues of fact and law) and (4) (same class definition).

4. The *Bidgoli* and *Silver* cases involve the same issues of fact and law, although LR40.4 (a) (2) only requires that "the cases involve *some* of the same issues of fact and law." *Id*. (emphasis added).

5. The *Bidgoli* and *Silver* cases allege that the same Defendants engaged in the same combination and conspiracy to unreasonably restrain trade and commerce in the domestic air travel industry in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

6. More specifically, the *Bidgoli* and *Silver* complaints (i) name the same defendants, (ii) assert the same legal cause of action, (iii) seek the same prayer for relief (and jury trial), and (iv) raise the same factual allegations. *Compare* Ex. A, ¶¶ 12 – 17 (Defendants), ¶¶ 18 – 59 (Factual Allegations: Background, Capacity Disciple, International Air Transport Association, US Senators Call for Investigation and DOJ Requests), ¶¶ 74-79 (Claim for 15 U.S.C. § 1 violation) and pp. 19-20 (Prayer For Relief, Jury Trial Demanded) *with* Ex. B, ¶¶ 11 – 16 (Defendants), ¶¶ 17 – 60 (Factual Allegations: Background, Capacity Disciple, International Air Transport Association, US Senators Call for Investigation and DOJ Requests), ¶¶ 75-81 (Claim for for 15 U.S.C. § 1 violation) and pp. 20-21 (Prayer For Relief, Jury Trial Demanded).

7. In addition, both the *Bidgoli* and *Silver* class action complaints define the putative class the exact same:

> All persons and entities who purchased domestic air travel in the United States directly from one or more Defendants between October 1, 2012 and the present. Excluded from the Class are Defendants, their parent companies, subsidiaries and affiliates, all governmental entities, and any judges or justices assigned to hear any aspect of this action.

*See* Ex. A, ¶ 64 and Ex. B, ¶ 65.

### **LR 40.4(b) Is Satisfied**

8. The *Bidgoli* and *Silver* cases are not only related, *see* LR40.4(a), but LR40.4(b) is satisfied, as well, and therefore, the *Silver* case should be reassigned to this Court.

9. First, both the *Bidgoli* and *Silver* cases are pending in the Northern District of Illinois. LR40.4(b)(1).

10. Second, the handling of both the *Bidgoli* and *Silver* cases by the same Judge will, in fact, result in substantial saving of judicial resources. Given the same factual and legal issues, discovery (*e.g.*, depositions, document productions, etc.), motion practice (*e.g.*, motion to dismiss, motion for summary judgment, etc.), other pretrial matters (*e.g.,* class certification) and perhaps even trial can be coordinated in a way that promotes judicial economy. LR40.4(b)(2).

11. Third, the earlier (lower-numbered) *Bidgoli* case was only filed eight (8) days before the later (higher-numbered) *Silver* case and therefore, "the earlier case has not progressed to the point where designating a later filed case as related would … delay the proceedings in the earlier case." LR40.4(b)(3).[1] This Court has set an initial status hearing in the earlier *Bidgoli* case for September 9, 2015 and no initial status hearing is set in the *Silver* case.[2]

---

[1] On July 6, 2015, Plaintiffs in the *Bidgoli* case filed the initial MDL Motion For Transfer of Related Actions to the N.D. Illinois, Eastern Division, pursuant to 28 U.S.C. § 1497 For Consolidated Pretrial Proceedings. (Dkt. 9). *See also In re: Domestic Airline Travel Antitrust Litig.*, MDL No. 2656, Dkt. 1 (panel to be set Oct. 1, 2015). This should not effect the motion to find relatedness and for reassignment.

[2] On July 20, 2015, another case similar to the claimed related set was filed in the N.D. Ill. and assigned to this Court, which set an initial status hearing for September 23, 2015. *See Constantino, et al. v. American Airlines, et al.*, 15-cv-06323 (Dkt. 3). *See also Kraft, et al. v. American Airlines et al.*, 15-cv-06216 (July

12. Fourth, the *Bidgoli* and *Silver* "cases are susceptible of disposition in a single proceeding." As previously addressed, *see supra,* the *Bidgoli* and *Silver* cases involve the same (i) defendants, (ii) factual allegations, (iii) legal claim, (iv) class definition and (v) prayer for relief (jury trial).

13. Defendants Delta, United and American do not oppose this motion and Defendant Southwest takes not position.

WHEREFORE, Movant respectfully requests that this Court grant this Unopposed Motion and enter an order finding that the conditions and criteria of LR 40.4(a) & (b) for the reassignment based on relatedness of the S*ilver* Action to this Court have been met and that the Court forward the finding and order to this District's Executive Committee.

Dated: July 29, 2015

By: */s/ Jayne A. Goldstein*
Jayne A. Goldstein
**POMERANTZ LLP**
IL Bar No. 6310724
10 S. LaSalle Street, Ste. 3505
Chicago, IL 60603
Tel.: (312) 377-1181
Fax: (312) 377-1184
jagoldstein@pomlaw.com

*Counsel for Plaintiff and the Proposed Class*

---

15, 2015) (Hon. Amy J. St. Eve) (initial status hearing set for Aug. 26, 2015); *Schumacher, et al. v. American Airlines, et al.*, 15-cv-06176 (July 14, 2015) (Hon. Gary Feinerman) (no initial status hearing set).